## CROWN CENTRAL PETROLEUM CORPORATION v. SULADIE. (No. 8030.)

Court of Civil Appeals of Texas. San Antonio. Oct. 3, 1928.

Rehearing Denied Oct. 31, 1928.

Hamilton & Rector, of Laredo, for appellant.

Hicks, Hicks, Dickson & Bobbitt, of Laredo, for appellee.

SMITH, J. The record is accompanied by no authenticated statement of facts. There is with the record a document bearing no indorsement on its cover, but denominated "statement of facts" on its initial page. It nowhere bears the approval or signature of

counsel for either party to the suit, or of the trial judge. It bears the usual certificate of the court reporter, but is not otherwise in any manner authenticated or approved. Obviously, then, this document can serve no purpose in the appeal, and this court is without any authority to consider it for any purpose; nor does the transcript contain any findings of fact or conclusions of law by the trial judge.

The only questions raised in the appeal are those purely of fact, determinable alone by the evidence upon the trial, but, as there are no findings of fact or statement of facts, this court has no means of passing upon those questions, and must assume, as a matter of law, that every fact necessary to sustain the judgment was proven upon the trial.

The result is that the judgment must be affirmed.

### On Motion for Rehearing.

Appellee, Suladie, as an oil well drilling contractor, entered into a contract with appellant, Crown Central Petroleum Corporation, to drill an oil well for the latter on one of its leases in Webb county. The contract called for a "turn-key job," for which appellant agreed to pay appellee $6,500 and certain "extras," if incurred. Appellee drilled the well to completion, and appellant accepted it without complaint. Subsequently appellee brought this action against appellant to recover a balance due upon the contract price, and recovered the sum of $663.98, with interest. The petroleum company has appealed.

■ The cause was tried and disposed of without the intervention of a jury, but we have not the benefit of any findings of fact or conclusions of law of the trial judge. It will be presumed that the court resolved every issue of fact against appellant and in favor of appellee, and such presumed findings will be upheld when supported by any material evidence.

No provision was embraced in the drilling contract as to the class of materials to be used in drilling and equipping the well, and it is perhaps true, in the absence of such stipulation, that appellee was required to use new materials, or materials substantially as good as new. In furnishing materials for the well, appellee was obliged to go into the open market and procure them, since he neither had nor kept any supply thereof on hand. On the other hand, appellant, actively engaged in development in that field, had on hand large quantities of materials, including used, or secondhand, casing. So, when in his operations appellee required casing for the well,

appellant's district superintendent, in charge of its operations in that field, suggested that appellee use the secondhand casing stored in that vicinity by appellant. The superintendent stated to appellee that the company would be glad to have this material taken off its hands and used in this well, and offered to sell it to appellee at 75 cents a foot. Appellee accepted the proposition, and used this as well as other secondhand materials purchased in the same way from appellant.

Now, when appellant and appellee set about to settle the transaction, appellant paid appellee the contract price of the well, less the difference between appellant's usual charge for new materials and the reduced price at which its superintendent had agreed to sell the secondhand material to appellee. The amount of this difference comprises the matter in controversy here.

■ We conclude that the judgment must be affirmed. It is purely a fact case, and every issue raised by the evidence must be resolved in support of the judgment. There is ample evidence to support the contention of appellee that all the secondhand material used in equipping the well in question was used with the full knowledge and acquiescence, even upon the suggestion, of appellant's field superintendent thereunto at least impliedly authorized. The well was accepted by appellant with knowledge of the use of the secondhand material therein, and without question or complaint. In this state of facts we think the court was warranted in holding that appellee was entitled to the compensation appellant had contracted to pay him. Especially is this true in view of testimony that the material used was substantially as good as new material.

The judgment was affirmed on original disposition because of the omission from the record of any authenticated statement of facts, upon appellee's calling our attention thereto. It is true that the statement of facts was void of any marks of authentication, and was not entitled to consideration. But the parties had agreed to the correctness of the statement of facts, and the trial court had approved the same, in a separate paper filed subsequent to the filing of the record and briefs in the cause, and this paper, not being referred to in the briefs of the parties, had escaped the notice of the court. Since it has been called to our attention in appellant's motion for rehearing, however, we have considered the statement of facts for all purposes, with the result hereinabove set out.

Appellant's motion for rehearing will be overruled.